This is an appeal from an administrative order revoking appellant's license to practice nursing in the State of Alabama.
Appellant, Russell Earl Stevens, a nurse employed by Jackson Hospital in Montgomery, Alabama, was charged by way of administrative complaint, of being guilty of unprofessional conduct of a character likely to deceive, defraud or injure the public in matters pertaining to health in violation of §34-21-25, Code of Alabama 1975. The basis of this complaint occurred on or about the night of February 18, 1981. On that occasion Jacqueline Gould and Cheryl Pate, two nurses on duty at Jackson Hospital, became suspicious of appellant when vials of valium were discovered missing. Testimony at an administrative hearing indicated that nurses Gould and Pate noticed appellant was "nervous and jittery" after being in the bathroom. Checking trash cans in the bathroom, medicine room, utility room and nurses station, they found nothing except a "little dot-type of bandaid." They testified that upon returning from lunch appellant went directly into the bathroom and then into the utility room. When he left the bathroom he had something in his pocket. They saw him stoop and put the item into the trash can. The nurses then went into the utility room and found an empty syringe with blood in it, an empty bottle of ten milligram valium, the wrapper from the syringe, and the needle and alcohol wipe all wrapped inside a paper towel. Gould took these items to the nursing service office. *Page 797 
Gould testified that the trash can in the dirty utility room was not a proper disposal place for a syringe. Earlier that evening she had checked appellant's patients' drawers and did not find that any of his patients were taking valium. Gould and Pate stated they each had one patient on valium, but those were to be given intravenously. Gould stated that neither of those patients could have received valium from the syringe she found because there is never any blood in a syringe when a shot is given intravenously; rather, blood would only be in the syringe if someone had put on a tourniquet and injected directly into a vein.
Further testimony disclosed that on that same night Gould checked the pharmacy and found that appellant had checked out valium for a patient, though such was not charted as having been given to any of the patients. After appellant got the valium from the pharmacy, Gould again checked her patients' drawers and found two vials of valium missing; whereas earlier only one had been missing. Gould stated that the problem with missing drugs had only begun since appellant started working at the hospital.
Upon a hearing of the complaint, the hearing officer determined that appellant had self-administered a narcotic drug while on duty and that such act constituted unprofessional conduct likely to cause injury to the public health. He recommended that appellant's license be suspended for six months. Upon review of the hearing officer's findings and recommendation, the Board of Nursing concurred in the factual findings, but revoked rather than suspended appellant's license on November 10, 1981.
Appellant appealed the Board's decision to the Montgomery County Circuit Court, and on July 11, 1983, the court affirmed the Board's actions. Appellant appealed here in August, 1983. Due to difficulty of obtaining a transcript, the case was not submitted here until June 6, 1984. In the meantime, on December 2, 1982, appellant appeared before the Board, and his license was reinstated to him on a probationary status for one year. On December 7, 1983, appellant's probation was cleared. On December 28, 1983, he was reissued a permanent license.
On appeal, three issues are raised; (1) whether appellant was entitled to a jury trial on appeal, (2) whether appellant's hearing afforded him adequate process, and (3) whether the record contained sufficient evidence to support the decision made by the hearing officer and concurred in by the Board.
We find the case of Ex parte Smith, 435 So.2d 108 (Ala.Civ.App. 1983), applicable and dispositive of the first issue. That case held that one appealing a disciplinary decision of the Nursing Board is not entitled to a jury trial.
On the second issue, appellant contends that due process requires that a hearing be conducted and a decision rendered by a full board and that a hearing before a hearing officer with only one Board member present fails to afford appellant due process. Appellant cites portions of Title 34, Chapter 21, Code of Alabama 1975, which state that "the Board shall" follow certain procedural functions in conducting a revocation hearing. We find this issue is not reviewable on appeal as appellant at no time objected to the use of a hearing officer. Matters not objected to at trial usually are not to be considered on appeal, even though constitutional questions are concerned. Moore v.State, 415 So.2d 1210 (Ala.Cr.App. 1982).
Though Section 17 (5) of the Board of Nursing Rules Procedure requires that a majority of the members of the Board must be in accord for its decision to be final, it does not necessitate that such Board member or a majority be physically present for each step of the procedure involved in a disciplinary action. Section34-21-2 (15), (16), Code of Alabama 1975, authorizes the Board to employ such persons as may be necessary to assist them in executing their statutory duties. A hearing officer falls within the purview of the statute as it was modeled after the Administrative Procedure *Page 798 
Act, Title 41, Chapter 22, Code of Alabama 1975, which directly refers to the use of a hearing officer. See, § 41-22-12 (f)(6), Code of Alabama 1975.
In Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906,80 L.Ed. 1288 (1936), the Supreme Court discussed at length the function and responsibility involved in administrative proceedings. From that opinion the Court's primary emphasis appears to ensure that a fair opportunity to hear, present and evaluate the evidence is provided. "The `hearing' is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that a hearing has not been given." Id. at 480,56 S.Ct. at 911. The Court further explained, however, "[T]his necessary rule does not preclude practicable administrative procedure in obtaining the aid of [others]." Id. at 481,56 S.Ct. at 912. The Court noted that assistance may be utilized in prosecuting inquiries, taking evidence, sifting and analyzing evidence and that the argument may be oral or written.
"The requirements are not technical. But . . . the officer who makes the determinations must consider and appraise the evidence which justifies them." Id. at 481-82, 56 S.Ct. at 912. In the present case these requisites were complied with. The Board members making the final decision had access to the evidence and argument presented before making a final decision. Merely because every member was not present when the hearing was conducted in no way negates that appellant received a fair hearing in compliance with the due process requirements of an administrative hearing.
That the Board changed the degree of punishment that the hearing officer recommended does not warrant reversal. A hearing officer's opinion or recommendation is not absolute and binding on the Board. See, Johnston v. State Personnel Board of Alabama,447 So.2d 752 (Ala.Civ.App. 1983); 2 Am.Jur.2d Administrative Law
§§ 438, 439 (1962).
We find appellant's third contention that there is insufficient evidence to sustain the Board's decision unfounded. As the recitation of facts indicates, sufficient evidence was presented to support the Board's determination that appellant violated §34-21-25, Code of Alabama 1975. Accordingly, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.