This is a termination of parental rights case.
After a hearing the Juvenile Court of Etowah County ordered the permanent termination of all parental rights of the mother and father of Tracy Lee and Jimmy Wayne McCullough. The parents appeal. We affirm.
The parents contend that there was insufficient evidence to support the trial court's findings. We disagree.
It is well settled that parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. Brown v. AlabamaDepartment of Pensions Security, 473 So.2d 533
(Ala.Civ.App. 1985). In determining the child's best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). The parental rights of parents can then be terminated if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. § 26-18-7(a), Code 1975.
The facts in this case show that Jimmy and Tracy McCullough have been in the custody of the Department of Pensions and *Page 1094 
Security (DPS) since January 1980 and April 1981 respectively. Since this time, the parents have made little effort toward self-rehabilitation in order to get their children back. As ordered by the court, DPS provided written plans of responsibility so that the parents could achieve mutual goals. However, they have failed to maintain regular visits and contacts with the children pursuant to these plans. During one home visit the parents did not return the children to DPS and, instead, they took the children and left the state. The children were then picked up by police and returned to foster care. After this instance there was a period of almost sixteen months where there was no contact at all by the parents with the children.
The testimony at trial further shows that the parents have never managed to establish a stable home. They have continuously moved from place to place and have at times failed to notify DPS of their whereabouts.
The parents' only income is from a Supplemental Security Income (SSI) check they receive each month, since they suffer from mental deficiencies. The evidence shows that they have difficulty maintaining even minimal physical existence and at times have begged for food and money.
Under section 26-18-7(a), Code 1975, there are several factors which the court may consider, but to which it is not limited, in determining whether parental rights may be terminated. These factors include whether the parents have abandoned the child, the parents' mental deficiencies, and the failure of reasonable efforts by DPS to rehabilitate the parent. Also, under section 26-18-7(b), Code 1975, where, as in this case, the child is not in the parents' custody, the court shall consider the failure by the parents to maintain regular visits with the child, failure to maintain consistent contact or communication with the child, and lack of effort by the parent to adjust his circumstances to meet the needs of the child in accordance with agreements reached between DPS and the parents.
The record is also clear that DPS sought less drastic alternatives other than the termination of the parents' rights, but was unsuccessful. They have worked extensively with the parents since July of 1977, and have had physical custody of one child since 1980 and of the other child since 1981. However, all attempts at rehabilitation have been unsuccessful.
In a child custody case the trial court's decision is presumed to be correct and will not be set aside on appeal unless it is shown to be plainly and palpably wrong. Brown,supra.
We therefore find that there was clear and convincing evidence that it was in Tracy and Jimmy McCullough's best interests to have their parents' parental rights terminated and custody placed with DPS.
As to the parents' argument that inadmissible hearsay was the basis of the trial court's order, we also disagree. Even if there were some hearsay evidence before the court, there was sufficient evidence introduced by witnesses who testified, including the social worker who testified extensively at the hearing, that the parents' parental rights should be terminated. Following the ore tenus rule, the judgment of the trial court is presumed correct and will be set aside only if unsupported by any credible evidence and plainly wrong.Brown, supra. Therefore, if there is any evidence to support the trial court's judgment, this court must affirm absent palpable error. Melton v. State Department of Pensions Security, 448 So.2d 392 (Ala.Civ.App. 1984).
Under section 26-18-7, Code 1975, and the factors this court has considered in termination of parental rights cases, we find that the trial court's decision is supported by clear and convincing evidence.
This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1095