This is a case of termination of parental rights to a minor child.
The matter of Meink Johnson, born September 6, 1981, first came to the attention of the Blount County, Alabama, Department of Human Resources (department) on January 6, 1982. On that date, the mother, Mary Johnson, also known as Tiffany Collins, age sixteen, came to the office of the department, seeking aid for herself and Meink, an illegitimate child. Mary's mother was reported to be dead. Her father reportedly lived in Tampa, Florida. On February 1, 1982, it was reported by Cullman County, Alabama, to the department that Mary and her sister had been jailed in that county for shoplifting. On February 3, Mary returned to the department, seeking assistance. She was issued clothing and food to last until foster care could be secured for her and the baby. On February 4, 1982, it was reported to the department that Mary was misbehaving and had been ejected from her brother-in-law's home.
The department filed a petition in the Juvenile Court of Blount County, alleging dependency of the mother, a minor, and her child. They were taken into custody and ordered placed in foster care. On February 5, 1982, after appointment of counsel for mother and child, a hearing was held *Page 202 
and the child was declared dependent. Temporary custody of the child, Meink, was given to the department. The mother subsequently left her foster home and disappeared. It was nearly a year before Mary and the reputed father were located in New York.
On February 28, 1983, a review hearing was held by the court, as required by law, § 12-15-74, Code of Ala. 1975. The parents, unmarried, were present in court with a guardian ad litem for the child. The mother, now eighteen, was pregnant again. After an oral hearing, the parents testifying, the court found the child to continue to be dependent. However, the court specifically presented a plan to the parents by which they might regain custody of the child. Another hearing was set for June 1983 with custody continuing in the department until that date. The parents failed to agree to the plan.
On May 3, 1983, the department received from the New York Department of Social Services a home inspection report of the parents as requested by the Blount County department. The report, though favorable, was found to be incomplete and unsatisfactory by the department. On May 26, 1983, the New York department sent a letter revoking its favorable report. It recommended possible termination of parental rights. The reason for the recommendation was that the parents had been arrested for kidnapping and raping a seventeen-year-old girl. They were subsequently convicted and imprisoned in New York penitentiaries. They were sentenced to two concurrent life sentences, the mother to serve a minimum of fifteen years and the father to serve a minimum of twenty years.
In September 1983, the department filed a petition to terminate parental rights. Counsel was appointed. A hearing was scheduled, but continued to be reset upon motion. Hearing was reset for May 8, 1984. The department served requests for admissions upon counsel. They were never answered. The matter was again continued.
The parents filed motions for custody to be transferred to relatives in New York. The alleged relatives filed a motion to intervene so that they could receive custody of the child. On November 6, 1984, by letter to the New York Family Court judge, the juvenile court judge in Alabama requested that procedures for taking the testimony of the parents in New York be instituted at the expense of the department. Such testimony would be used in the trial of the petition for termination of parental rights. Copies of all the proceedings and orders in the case up until that time were forwarded to the New York court and prison counsel so that they would be fully advised. The Alabama court again, in February 1985, requested aid from the judge of the New York court and counsel. They responded in April that action would be taken. No depositions or affidavits of the parents were ever received from New York. The case was set for hearing of the petition to terminate parental rights on October 8, 1986. Hearing was held with Alabama appointed counsel appearing for the parents and guardian ad litem for the child, Meink. Counsel for the parents had no evidence to present. The court entered its order terminating parental rights on October 8, 1986. The parents have appealed.
The parents were determined to be in forma pauperis and are represented on appeal by appointed counsel, as required by law. § 12-15-63, Code of Ala. 1975. Counsel first presents the issue of whether the parents were required to be present at the trial as a matter of due process and according to Rule 24, Alabama Rules of Juvenile Procedure. We do not find Rule 24 to require the presence of parents in court in order to proceed to terminate their parental rights. The portion of Rule 24 referred to in brief only designates the responsibility of any court to determine if proper parties and counsel are present so that trial may begin. It does not mandate that trial may not proceed if parties, who have been properly notified, do not appear or cannot appear if incarcerated. The rule only connotes due process of law.
This court spoke to the requirements of due process in instances of incarcerated parents in the cases of Pignolet v. *Page 203 State Dept. of Pensions and Security, 489 So.2d 588
(Ala.Civ.App. 1986); and Eastman v. Eastman, 429 So.2d 1058
(Ala.Civ.App. 1983). We said in Pignolet that where there is notice of the petition and the hearing, representation by counsel, and an opportunity to present testimony by deposition, due process does not require the presence of an incarcerated parent. All of the listed elements of Pignolet were present in this case. We particularly note the time of delay from the filing of the petition and notice thereof to the parents until the hearing. That time was more than two years. During those two years, even though the parents were convicted felons residing in the penitentiaries of New York, the Juvenile Court of Blount County, Alabama, made continued efforts to secure for them the opportunity to present their testimony. It was the responsibility of the parents to prepare and present their evidence. The Juvenile Court of Blount County gave them more than reasonable opportunity, even to the extent of underwriting the cost of their depositions. This court finds no denial of due process in this case.
The second issue presented is whether the petition for termination of parental rights was sufficient under § 26-18-4, Code of Ala. 1975, to invoke the jurisdiction of the juvenile court. It is difficult for this court to follow the argument presented by counsel on this issue. It is submitted without authority, as required by Rule 28, Alabama Rules of Appellate Procedure. We respond to appellants' contention by pointing out that the jurisdiction of the juvenile court in this case was invoked in behalf of Meink Johnson, a minor child, by the filing of the original petition and the finding of dependency. Once such jurisdiction is invoked, it continues until the child is twenty-one years of age or is discharged by the court. § 12-15-32, Code of Ala. 1975. At the time the department filed the additional petition to terminate parental rights, it had the child already in its custody by order of the court. It was certainly unnecessary to inform the court what it already knew.
Issue three contends that the court failed to consider whether less drastic measures than termination of rights were available to the court. The basis of argument on this issue is that the request of relatives in New York to be given custody of the child was denied or ignored by the court. It appears to this court that the basis of the argument falls of its own weight when it appears of record that the request of the relatives was withdrawn before trial. The order of the court so states, and there is no evidence to the contrary in the record.
However, the request of the parents that custody of the child be given to a distant relative of the father was founded upon the stated desire that the child would then be brought to see and visit with her parents in the penitentiary. In consideration of the heinous crime of the parents and the fact that the child had never seen the father and had not been with the mother since she was six months old, the trial court could have reasonably concluded that termination of the parental relationship was in the best interest of the child. We find the evidence in support of such conclusion to be clear and convincing. Matter of Colbert, 474 So.2d 1143 (Ala.Civ.App. 1985); Brown v. Alabama Dept. of Pensions and Security,473 So.2d 533 (Ala.Civ.App. 1985).
Issue four is whether there was denial of effective counsel to the parents because the petition for termination of parental rights was filed by an attorney who had previously served as appointed counsel for the mother in the dependency hearing. The record discloses that counsel who filed the termination petition on behalf of the department promptly withdrew as counsel for the department. Such withdrawal occurred before the petition was served upon the parents. We opine that the argument that such filing adversely affected the parents is convoluted and without basis in fact. The absence of reversible error is further indicated by the fact that the record indicates that this was not presented to the trial court. Issues raised for the first time on appeal are not ordinarily considered for reversal. McKinney v. Alabama Dept. of Pensionsand Security, *Page 204 475 So.2d 568 (Ala.Civ.App. 1985); Green v. Taylor,437 So.2d 1259 (Ala. 1983); Chatman v. City of Prichard, 431 So.2d 532
(Ala. 1983).
This court has very carefully reviewed the record and judgment of the trial court. We have considered both in light of the issues presented on appeal. We find no error. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.