L. CHARLES WRIGHT, Retired Appellate Judge.
This is a termination of parental rights case.
Following an ore tenus hearing, the Juvenile Court of Madison County ordered the permanent termination of all parental rights of the mother and father of Mari-lynn Louise Kelley and Tony Kelley, ages one and two and one-half years respectively. Permanent legal custody of the children was vested in the Alabama Department of Human Resources (Department).
Only the mother appeals, and we affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court’s decision to terminate the mother’s parental rights.
The parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. McCullough v. Alabama Department of Pensions & Security, 500 So.2d 1093 (Ala.Civ.App.1986). In determining the child’s best interests, the court must consider whether the parent is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984). The parental rights may be terminated if the court finds from clear and convincing evidence that the parent is unable or unwilling to discharge her responsibilities to and for the child. Ala.Code (1975), § 26-18-7(a).
The determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
The record reveals that the mother is a single parent and still lives with her parents and brothers and sisters. The father or fathers of the children are unknown. There were fourteen people living in a four-room house at the time Marilynn was taken into custody of the court. The Department has been involved with the “extended” Kelley family since 1979 in ongoing efforts to help them maintain a normal standard of living. The Department became involved with the children to this appeal in September 1985. A social worker for the Department testified that she took the infant daughter to the emergency room where she was diagnosed as having conjunctivitis, thrush, an ear infection, and dehydration. The infant child was not being fed her prescribed formula. Pet milk with sugar *715 added was being used as a substitute. It was then the Department was given temporary custody of the infant child.
In July 1986 the social worker discovered that there was no electricity for refrigeration in the Kelley home. At that time the Department gained temporary custody of the older child, Tony. The social worker testified that when Tony was removed from the home, he was very frail looking and did not speak. The child still drank from a bottle and made “animal-like” noises when he wanted something.
During the time the children have been in foster care, the Department has attempted to work with the mother and extended family. The mother was provided homemaker services to help her in parenting skills. She was also provided with training through a community service course. However, it appears that the mother has made little effort toward self-rehabilitation. There was testimony that there had been no improvement in the mother’s demonstrated ability to provide proper care for her children, probably due to her retarded mental condition. There was testimony which indicated that the mother and her family refused to recognize a need for any change in their manner of providing for the children. Specifically, prior to Tony’s being taken from his mother, the counselors advised the mother to wean Tony from the bottle as he was not getting adequate nourishment and to bathe him daily. The mother failed to do either.
Under Ala.Code (1975), § 26-18-7(a), there are several factors which the court shall consider, but to which it is not limited, in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child. One of these factors is that reasonable efforts by the Department leading toward the rehabilitation of the parents have failed. Here the evidence is clear that the Department worked with the mother. However, all attempts at rehabilitation have been unsuccessful. There were extensive efforts to rehabilitate the mother, including two parenting courses, homemaker services, transportation services, as well as financial assistance provided through the Department. The testimony, however, indicated that there was no difference in the care provided Tony either before, during, or after the parenting classes and Department assistance.
Under Ala.Code (1975), § 26-18-7(b), where the child is not in the parents’ custody, the court shall consider the following: (1) the failure by the parents to maintain regular visits with the child, (2) the failure to maintain consistent contact or communication with the child, (3) the lack of efforts by the parents to adjust their circumstances to meet the needs of the child, and (4) failure by the parents to provide for the material needs of the child or to pay a reasonable portion of its support, where the parent is able to do so. The record reveals that the mother has failed in each of these considerations.
The record is also clear that the Department sought less drastic alternatives other than the termination of the mother’s rights. It is evident that no other reasonable alternative is available to the court.
We find that there is clear and convincing evidence that termination of the mother’s parental rights would be in the children’s best interests.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.