This is a termination of parental rights case.
Following an ore tenus hearing, the Juvenile Court of Tallapoosa County ordered the permanent termination of all parental rights of the mother and father in Steven Wayne Ennis and Gina Renee White, ages five and three respectively. Permanent legal custody of the children was vested in the Alabama Department of Human Resources (Department).
Only the mother appeals and we affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court's decision to terminate the mother's parental rights.
It is well settled that a parent has a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. McCullough v. AlabamaDepartment of Pensions Security, 500 So.2d 1093
(Ala.Civ.App. 1986). In determining the child's best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). The parental rights of the parents can then be terminated if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. Ala. Code (1975), § 26-18-7(a).
Additionally, we note that the determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In theMatter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985).
The record reveals, in pertinent part, that the Department became involved with this family in March 1985 when the "step-grandfather" expressed concern about the children. He reported to the Department that the mother had left the previous day in an intoxicated state and he did not know her whereabouts. The social worker testified that at that time the two children were extremely dirty, inappropriately clothed, and in need of medical attention. The children were then placed into foster care. A medical examination revealed that the children had colds, ear and throat infections, and were in need of medication.
Since that time the children have remained in foster care, and the mother has made little effort toward self-rehabilitation in order to regain custody of her children. The Department has repeatedly provided the mother with written plans of responsibility. However, the requirements of the agreements were never accomplished.
At one point the children were returned to the mother on a trial basis. The social worker testified that she made routine home visits and found the situation to be deteriorating on each visit. After a telephone call from the children's doctor expressing concern over the oldest child, the social worker testified that she went to the home to place the children back into foster care. She testified that the home was in "total upheaval." There were clothes and junk everywhere. The kitchen was full of pots of food, and dirty dishes and roaches and flies were everywhere. *Page 634 
At that time the children were returned to foster care, and after a medical examination the youngest child was found to have an infection in both ears and fleas in her vaginal area.
The evidence further reveals that the mother has never managed to establish a stable home. She has continuously moved from place to place and has failed to notify the Department of her whereabouts. Likewise, the record reveals that the Department's efforts to work with the mother were thwarted by her continual relocation.
The record also indicates a history of recurring arrests for public intoxication of the mother. On the last arrest the testimony was that the mother attempted to strangle herself while in jail.
Under § 26-18-7(a), Ala. Code (1975), there are several factors which the court shall consider, but to which it is not limited, in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child. One of these factors is that reasonable efforts by the Department leading toward the rehabilitation of the parents have failed. Here, the evidence is clear that the Department has attempted to work with the mother in an effort for her to regain custody of her children. However, all attempts at rehabilitation have been unsuccessful. As noted above, the mother has never fulfilled the provisions of the written service plan set up between her and the Department. She has never established a permanent residence for any significant period of time, nor has she obtained employment with goals of establishing a regular income. Further, when the children were returned to the mother on a trial basis, her lifestyle again deteriorated to the point that the children had to be removed because of medical and physical neglect.
The record is also clear that the Department sought less drastic alternatives other than termination of the parents' rights. The record indicates that at one point the children were placed in the home of a relative. However, the relative asked to have the children removed because she could not care for them. The social worker also testified that other relative resources had been explored and that there were none able or willing to provide for the children.
In view of the above, there was clear and convincing evidence that termination of the mother's parental rights would be in the children's best interests. McCullough, 500 So.2d 1093.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.