The Juvenile Court of Cullman County, after an ore tenus hearing, ordered the permanent termination of all parental rights of the mother, Sherri LuAnn Sloan Muffoletto, in Micheal Jonathan Muffoletto, her three-year-old son. The parental rights of the child's father, whose whereabouts are unknown, were also terminated. Permanent legal custody of the child was vested in the State Department of Human Resources (Department). Only the mother appeals.
The sole issue on appeal is whether clear and convincing evidence exists to support the trial court's decision to terminate the mother's parental rights.
Although it is well settled that a parent has a primafacie right to the custody of his or her child, that presumption in favor of parental custody can be overcome by clear and convincing evidence that termination of parental rights is in the child's best interests. Wishinsky v. Stateof Alabama Department of Human Resources, 512 So.2d 122
(Ala.Civ.App. 1987); In re Hickman, 489 So.2d 601
(Ala.Civ.App. 1986). The primary consideration in any such proceeding is always the best interests and welfare of the child. Brooks v. State of Alabama Department of HumanResources, 513 So.2d 632 (Ala.Civ.App. 1987). In making that determination, the court must consider whether the parent is physically, financially, and mentally able to care for the child. McCullough v. State Department of Pensions Security, 500 So.2d 1093 (Ala.Civ.App. 1986); Matterof Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). If the court finds from clear and convincing evidence that the parent is unable or unwilling to discharge his or her responsibilities to and for the child, his or her parental rights can then be terminated, pursuant to § 26-18-7(a), Ala. Code 1975 (1986 Repl.Vol.). Benton v. State Department of HumanResources, 515 So.2d 1263 (Ala.Civ.App. 1987).
Keeping the foregoing in mind, the trial court must apply a two-prong test when it considers whether to terminate an individual's parental rights. Wilson v. State Department ofHuman Resources, 527 So.2d 1322 (Ala.Civ.App. 1988). First, the court must establish that the child is dependent based upon clear and convincing legal evidence. § 12-15-65(e), Ala. Code 1975 (1986 Repl.Vol.). The court must next determine whether all viable alternatives to termination have been considered. Wilson, supra.
The facts in the case before us reveal that the mother suffers from chronic schizophrenia and a neurological disorder known as Tourette's syndrome. Her mental illness was first manifested in her teens and was complicated by an abusive father. Psychotropic medication controls her symptoms to the point that she is able to function and live alone, but she has nevertheless required hospitalization four times since Micheal's birth. She is not presently employed, but receives SSI and Social Security disability benefits. The mother reportedly exhibited bizarre and suicidal behavior during her pregnancy, due in large part to the fact that she did not take her medication out of concern for its effect on the fetus. Because she was too ill to care for the baby after his birth, he was placed with a foster family when he left the hospital. The mother has visited with the child and tried to work with the Department toward a trial placement of the child with her, but those efforts have always been thwarted by her hospitalizations. Relative resources were considered, but were not practical solutions because of the advanced ages of the few relatives who exhibited interest in and concern for the mother and child.
Micheal has continued to live with the foster family with whom he was placed at birth. He is emotionally attached to the foster parents, who wish to adopt him. The child experienced pronounced neurological delays as an infant, which responded to extensive physical therapy. During the last year, he has begun to exhibit behavioral problems characterized by the foster *Page 941 
mother as screaming episodes and separation anxiety. Those problems have improved as a result of early psychiatric intervention.
Evidence in this case was presented to the trial court ore tenus, and, therefore, a presumption of correctness attaches to its decision. We will not disturb that decision on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Benton, supra; Brooks, supra.
Section 26-18-7(a), Ala. Code 1975 (1986 Repl.Vol.), provides several factors which the court "shall consider" in determining whether a parent is unable to discharge his or her responsibilities relative to the child. We note that one such factor is mental illness "of such duration or nature as to render the parent unable to care for the needs of the child." § 26-18-7(a)(2). We cannot help but sympathize with this mother who, through circumstances clearly beyond her control, is unable to have custody of her child. Yet we must agree with the trial court's judgment that her mental illness renders her incapable of caring for Micheal, who at the age of three is already experiencing emotional problems himself and has never been separated from his foster parents. In addition, there was evidence that the Department sought less drastic measures than termination of the mother's rights, but was unsuccessful in finding viable alternatives.
We find that the trial court's decision is supported by clear and convincing evidence and is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.