This case involves a termination of parental rights.
Following an ore tenus proceeding held on October 26, 1989, the parental rights of Michael Carter (father) were terminated by the Juvenile Court of Chambers County. The petition for termination was filed by the maternal grandparents of the two minor children. The father appeals. We affirm.
The record reveals that the father is currently incarcerated and is serving a twenty-seven-year sentence for the murder of his wife, the minor children's mother. Since their mother's death, the children have resided with their maternal grandparents, who were awarded temporary custody by an earlier order of the court. Furthermore, the father has maintained little or no contact with the children and has made no financial contribution toward their well-being since his wife's death.
Initially, we note that this court has previously held that the termination of one's parental rights requires clear and convincing evidence that termination would be in the child's best interests. In re Sanders, 420 So.2d 790
(Ala.Civ.App. 1982); Miller v. Alabama Dept. of Pensions Security, 374 So.2d 1370 (Ala.Civ.App.), writquashed, 374 So.2d 1378 (Ala. 1979). Furthermore, in concluding that termination is in the child's best interests, this court must apply a two-prong test in cases in which the termination is sought by a nonparent. Ex parteBeasley, 564 So.2d 950 (Ala. 1990). First, the trial court must make a "finding of dependency." After making such a finding, the trial court must next inquire as to whether all viable alternatives to termination have been considered.Muffoletto v. State Dept. of Human Resources,537 So.2d 939 (Ala.Civ.App. 1988); Wilson v. State Dept. ofHuman Resources, 527 So.2d 1322 (Ala.Civ.App. 1988).
We will first address the father's contention that the trial court did not have jurisdiction to rule on the grandparents' petition to terminate his parental rights. He asserts that, because the petition did not contain a statement alleging that the grandparents were "able and willing to assume custody" of the children as mandated by § 26-18-4, Ala. Code 1975 (1986 Repl. Vol.), it failed to properly invoke the jurisdiction of the trial court. We disagree.
In Valero v. State Dept. of Human Resources,511 So.2d 200 (Ala.Civ.App. 1987), this court acknowledged that, where the jurisdiction of the trial court has been invoked by earlier proceedings of a related matter, such jurisdiction continues until the child reaches the age of twenty-one or is discharged by the court. See § 12-15-32, Ala. Code 1975 (1986 Repl.Vol.). As the record clearly reveals, an earlier award of temporary custody was granted in favor of the grandparents and this fact was duly noted in their petition to terminate. Thus, it was clearly unnecessary for them to inform the court of its jurisdiction over the matter in light of the court's past recognition that it possessed such authority.
Having resolved the issue of jurisdiction, we must next determine if the trial court, after having found the two minor children to be dependent, properly considered all viable alternatives to termination. In other words, were measures less drastic than termination available? Here we note that the father apparently does not appeal the finding of dependency.
The 1984 Child Protection Act, §§ 26-18-1 through -10, Ala. Code 1975 (1986 Repl.Vol.), has the following as its stated purpose:
 "to provide meaningful guidelines to be used by the juvenile court in cases involving the termination of parental rights in such a manner as to protect the welfare of children by providing stability and continuity in their lives, and at the same time to protect the rights of their parents. . . . (Acts 1984, No. 84-261, p. 442, § 2.)"
Ala. Code 1975, § 26-18-2 (emphasis supplied). In recognizing this obligation, *Page 802 
the trial court considered both the father's incarceration and his apparent abandonment of the children during his flight from justice, both of which are factors which the trial court may consider in concluding that termination is in the child's best interests. See § 26-18-7, Ala. Code 1975. Furthermore, the trial court emphasized in its order that it was the father's own act which caused the dependency of his two children.
In light of the heinous crime of the father, the fact that his older child was four and his younger only an infant at the time of their mother's death, and the additional fact that neither child has had any significant contact with the father since that time, we find that the trial court could have reasonably concluded that the termination of the father's parental rights was in the best interests of the children. We further find such a conclusion to be supported by clear and convincing evidence. Valero, 511 So.2d 200; Matterof Colbert, 474 So.2d 1143 (Ala.Civ.App. 1985).
Finally, the father contends that, in order to terminate a parent's rights pursuant to the Child Protection Act, the trial court must find that the conduct or condition that renders the parent unable to care for the child is unlikely to change in the foreseeable future. Section 26-18-7(a). In determining the unlikeliness of a change in the father's conduct or condition, the trial court was free to consider the father's history, as well as his future prospects. Burroughs v. State Dept. ofHuman Resources, 516 So.2d 676 (Ala.Civ.App. 1987). Again we recognize that the father's incarceration is for a period of twenty-seven years, and although he may become eligible for parole at an earlier date, we find that the trial court could have reasonably concluded that a change in his conduct or condition is unlikely.
Consequently, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.