571 So.2d 1130 (1990)
N.A. and D.H.
v.
J.H. and K.H.
In the Matter of N.N.H. and J.D.H.
Civ. 7531-A.
Court of Civil Appeals of Alabama.
September 12, 1990.
Rehearing Denied October 10, 1990.
Certiorari Denied December 21, 1990.
*1131 Joe W. Morgan, Jr., Birmingham, for appellant N.A.
Gail Dickinson, Birmingham, for appellant D.H.
Martha Jane Patton of Vowell & Meelheim, Birmingham, for appellees J.H. and K.H.
Guy Fullan of Fullan & Fullan, Birmingham, guardian ad litem for N.N.H. and J.D.H.
Wendy Crew, Birmingham, guardian ad litem for D.H.
Alabama Supreme Court 1900149 and 1900150.
ROBERTSON, Judge.
This is a termination of parental rights case.
On July 17, 1989, J. and K.H. (foster parents) filed two petitions for the termination of the parental rights of D.H., in *1132 and to N.N.H. and J.D.H. (the twins). The foster parents later amended their petition to include a request for the termination of the parental rights of J.W. and J.B.H., who were listed as putative fathers of the twins.
The Department of Human Resources (DHR) subsequently filed a motion to dismiss the foster parents' petitions, contending that their petitions failed to state a claim upon which relief could be granted.
DHR also filed its own termination petitions requesting that the parental rights of D.H., mother, and J.B.H., putative father, in and to the twins be terminated. Subsequently, the grandmother of the twins filed a motion requesting that the twins' custody be granted to her.
A hearing was ultimately had on November 15, 16, and 17, 1989. Before evidence was received, the trial court granted a motion that had been filed earlier by DHR, in which DHR requested that its petitions for termination be dismissed. DHR's position was that the grandmother was a suitable relative resource and, consequently, a less drastic alternative to termination was to place custody of the twins with her.
Following the hearing, the trial court terminated the parental rights of the mother, denied the custody petition of the grandmother, and awarded permanent legal custody of the twins to the foster parents.
Both the mother and the grandmother appeal, asserting that the termination of parental rights of the mother was in error. DHR does not appeal.
The first issue raised by the appellants is that the trial court erred when it terminated the mother's parental rights on the petition of the twins' foster parents. However, we cannot find an objection at the trial court level by either the mother or the grandmother to the court's proceeding on the foster parents' petition. Likewise, we have carefully reviewed the appellants' motions for new trial, and neither motion asserts as error the court's proceeding on the foster parents' petition.
This court is an appellate court, and therefore it is our duty to review matters decided at the trial court level. Conley v. Beaver, 437 So.2d 1267 (Ala.1983). We do not hear arguments presented for the first time on appeal nor do we put a trial court in error for failing to rule on issues not before it, even when the matter complained of concerns a constitutional question. Stevens v. Blake, 456 So.2d 795 (Ala.Civ.App.1984). Because the appellants' objection to the termination petition of the foster parents is raised for the first time on appeal, we will not consider it.
We do note that even if this issue had been properly preserved, § 26-18-5, Code 1975, provides that any interested party may file a petition for termination of parental rights. Consequently, the foster parents had statutory authority to file their petitions.
The second issue raised by appellants is that DHR's failure to appeal this case constitutes conduct which is contrary to its legislatively mandated duty and has caused the mother such harm that her equal protection and due process rights have been violated.
We cannot find that DHR's decision not to appeal the trial court's decision has prejudiced the mother and the grandmother. Both parties are represented on appeal and have presented this court with excellent briefs. Moreover, this court has held in the past that an appealing party cannot raise an issue on appeal affecting a nonappealing party. McCullough v. Department of Human Resources, 536 So.2d 68 (Ala.Civ.App.1988).
The next three issues raised on appeal are all directed toward whether the trial court abused its discretion in terminating the mother's parental rights.
Initially, we recognize that natural parents have a prima facie right to the custody of their child. In re Hickman, 489 So.2d 601 (Ala.Civ.App.1986). Further, a presumption exists that a child's best interest will be served by placing him or her in the natural parents' custody, and this presumption is overcome only if clear and convincing evidence demonstrates that it is not in the child's best interests to be in the natural parents' custody. Hickman.
In cases such as this, where a nonparent is the petitioner, the trial court's determination is governed by the application *1133 of a two-pronged test. Ex Parte Beasley, 564 So.2d 950 (Ala.1990). First, the court must conclude, from clear and convincing evidence, that the child is dependent. Beasley. Second, the court must consider and reject all other viable alternatives to termination of parental rights so that it can conclude that termination is the child's best interest. Beasley. Additionally, the trial court's determination on these matters is presumed correct on appeal, and we will not reverse absent a determination that the court's judgment is so unsupported by the evidence as to be plainly and palpably wrong. Brooks v. State Dept. of Human Resources, 513 So.2d 632 (Ala.Civ.App. 1987).
We have examined the record very closely and find that the trial court's order reflects a specific finding of dependency and that this determination is amply supported by the evidence.
For the trial court to have properly found dependency, it must have determined that the children's parents were unable or unwilling to discharge parental responsibilities or that the conduct of the parents was such that they could not properly care for their children and that this conduct was unlikely to change in the future. § 26-18-7, Code 1975.
Some of the factors that enter into a court's determination that the parents are unable or unwilling to discharge their parental responsibilities include abandonment of the child by the parents and the mental deficiency of the parents. § 26-18-7, Code 1975. In those cases where the children are not in the parents' custody, additional factors for the court's consideration include parental failure to provide support, maintain regular visits, and maintain consistent contact. § 26-18-7(b)(1) through (3), Code 1975.
The trial court's order in this case found that the twins were dependent; that the mother and father were unable to discharge their parental responsibilities to the twins; that the conduct of the mother and father was such that they were rendered unable to properly care for the twins; and that this conduct was unlikely to change in the foreseeable future.
The trial court also concluded that the mother and father had not provided for the twin's material needs; that the mother and father had not maintained regular visits with the twins; that the mother and father had not maintained consistent contact or communication with the twins; and that the actions of the mother and father constituted abandonment.
In short, the trial court carefully considered the appropriate factors before finding dependency. Further, our review reveals that the evidence amply supports all of the court's conclusions.
The mother in this case was only fourteen years old when she gave birth to the twins and was also unmarried. Following the twins' birth, she ran away with them. Later, she left them in the care of her mother without informing her mother of her exact whereabouts, and failed to provide for their support.
Further, she testified as to who the twins' father wasJ.B.H., and for aught that appears he has never shown an interest in the twins, provided for their support, or even appeared at one of the hearings concerning them.
The twins were placed in a DHR foster home when they were only six months old and have remained there since placement. Simply put, evidence, clear and convincing in nature, exists to support the trial court's determination that the twins are dependent.
The next determination that the court must make in a termination case is that no viable alternative to termination exists. Here, the court made that specific finding. With regard to the grandmother, the court specifically determined that she was not ready, willing and able to care for the twins.
We have carefully examined the record evidence and also conclude that it supports a finding that no suitable relative resource exists. Concerning the grandmother, we note that she has little, if any means of support. Further, her success with her own child, the mother in this case, is at best minimal. In view of the evidence and the applicable review standard, we cannot *1134 find that the trial court's determination that the grandmother does not provide an alternative to termination to be plainly and palpably wrong.
Additionally, the record indicates that DHR has worked with the mother since the twins' placement in foster care and that the appropriate adjustments in her condition are still lacking. In fact, the mother has since had another child and remains unmarried.
Although we appreciate the mother's argument that she wants to improve in the future and adjust so as to keep the twins, at some point the twins' need for permanency must outweigh repeated efforts by DHR to rehabilitate the mother. See § 26-18-7(b)(4), Code 1975.
In other words, because the trial court determined that termination was in the twins' best interests and that no viable alternative to that termination existed and our review of the record supports such a finding, we affirm.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.