This case involves a termination of parental rights.
A petition to terminate the parental rights of D.P. (mother) and F.K. (father) was filed by the Jefferson County Department of Human Resources (DHR) on December 21, 1989. The child had previously been found dependent by the juvenile court, and custody was placed with DHR in June 1988. An order terminating parental rights was issued by the juvenile court on May 8, 1990.
At the time of the order, the father's whereabouts were, and remain to date, unknown. Only the mother appeals. We affirm.
The mother asserts four issues on appeal. The first three issues challenge the juvenile court's decision that a termination of the mother's parental rights was in the best interests of the child. The fourth issue addresses the question of whether the juvenile court erred in concluding that there were no viable alternatives to terminating the mother's parental rights.
Initially, we note that this court has previously held that the termination of one's parental rights requires clear and convincing evidence that termination would be in the child's best interests. Muffoletto v. State Dept. of Human Resources,537 So.2d 939 (Ala.Civ.App. 1988).
Furthermore, in determining whether termination is in the child's best interests, this court must apply a two-prong test in cases in which the termination is sought by a nonparent.Ex parte Beasley, 564 So.2d 950 (Ala. 1990). First, the trial court must find that the child is dependent. Next, the trial court must determine that all viable alternatives to termination have been considered, Muffoletto, 537 So.2d 939, and rejected. Beasley, 564 So.2d 950.
In its order terminating the mother's parental rights, the juvenile court noted that the mother had abandoned the child from June 1988 to October 1989; that the mother had failed to honor the terms of a service agreement entered into by her; and that an evaluation of her home concluded that it was not a suitable placement for the child.
The mother first asserts that the juvenile court incorrectly based its determination on the disapproval of her home as a suitable site for placement of the child. The study of the mother's home was conducted by the State of Mississippi Department of Human Resources. Its disapproval was based on inadequate living conditions, inadequate income, and the failure of the mother to successfully complete a drug rehabilitation program.
The record reveals that the mother was residing with her mother and stepfather in *Page 1142 
a trailer, that the mother had a reported income of approximately $90 per week, and that she had a continuing problem with the abuse of illegal drugs. We find that all three of these factors were considered by the Mississippi Department of Human Resources in rejecting the mother's home as a suitable placement for the child and that there is clear and convincing evidence in the record to substantiate each of these conclusions.
The mother also contends that there was no clear and convincing evidence to support the trial court's conclusion that the mother had abandoned the child. We note, however, that the juvenile court's order specifically concluded that the mother's abandonment was for a specific period of time.
The record clearly reveals that the mother failed to maintain any contact with the child from June 1988 until October 1989. Furthermore, DHR was unable, despite its efforts, to locate the mother during this period. Therefore, we find that there was clear and convincing evidence to support the juvenile court's conclusion that the mother had abandoned the child during the specific period of time in question.
Next, the mother contends that the juvenile court erred in concluding that she had failed to honor the terms of the service agreement entered into by her. Her own testimony, however, established that she had repeatedly used illicit drugs over a lengthy period of time. In fact, although she testified that, at the time of trial, she had not used intravenous drugs in over a year, she also testified that her most recent use of cocaine had been in the summer of 1989. Furthermore, she admitted that, on the day of testimony, she had taken prescription medication belonging to her mother.
The mother also testified that she had participated in several rehabilitation programs, some of which she had successfully completed. We note, however, that her participation in such programs was, as demonstrated by the evidence and despite her claims, apparently to no avail. Moreover, the mother's own testimony revealed that she had prostituted herself in order to support her drug use, and as recently as August 1989 the mother was incarcerated on charges of loitering and disorderly conduct.
In view of the above, we find that there was clear and convincing evidence to support the trial court's conclusion that a termination of the mother's parental rights was in the child's best interests. The juvenile court is authorized to view the totality of the circumstances when making a finding of dependency. Floyd v. Alabama Department of Human Resources,550 So.2d 980 (Ala.Civ.App. 1988).
Finally, the mother contends that the juvenile court erred in concluding that there were no viable alternatives to terminating her parental rights. The record reveals that DHR was unable to locate a relative resource willing to take custody of the child. Furthermore, the mother offers no alternatives other than the child's continuing to live in a foster home or being placed in the custody of the maternal grandmother, with whom the mother also resides.
The child, however, deserves the opportunity to enjoy stability and continuity in her life, Ala. Code 1975, § 12-18-2, and the juvenile court concluded that the conduct of the mother does not demonstrate that she can provide this in the foreseeable future. Therefore, we find no error in the juvenile court's conclusion that there existed no viable alternatives to terminating the mother's parental rights.
In view of the above, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 1143