ROBERTSON, Presiding Judge.
This is a termination of parental rights case.
Following an ore tenus proceeding, the Juvenile Court of Mobile County ordered the permanent termination of all parental rights of the father in two sons, ages six and four. The record reveals that the children have been in foster care since July 1988, at which time the children were ages three and one-half years and eighteen months respectively. Their mother is deceased, and the father was accused of murdering her. However, the father was later acquitted by a jury of such charge. The father and the mother were never legally married; however, paternity was established in November 1989.
The dispositive issue on appeal is whether the trial court erred in terminating the father’s parental rights.
In terminating the father’s parental rights, the trial court, in pertinent part, entered the following order:
“[T]he father of the minors was tried for the crime of murder of [the mother of the minors] in September 1989, and was acquitted by a jury in the Circuit Court of Mobile County on September 28th, 1989.
“At the trial, [the older child] testified that his father killed his mother by strangulation and that he personally witnessed such killing.
“The Court finds that this testimony is credible, and finds that there has been clear and convincing evidence that [the mother] was killed by [the father]. Furthermore, [the older child] is absolutely *228 convinced that his father killed his mother and is afraid of his father. He also testified at the criminal trial that his father told him he was going to do the same thing to him that he did to his mother if he told on his father. At the hearing in the Juvenile Court [the older child] testified that, although he enjoys visiting with his father, he is afraid to live with him. [The younger child] does not share the same fears and concerns as [the older child] as he was an infant at the time of his mother’s death.
“A difficult situation is presented in this case, in that the Court is of the opinion that [the father] loves his children and wants custody of them. He is able through modest means to provide for them, and the Court does not believe that he will harm the children. Nevertheless, the Court is of the opinion that the circumstances surrounding the death of their mother and the statements made by [the older child] that he witnessed the killing render it impossible for the minor children to live with their father in a natural and comfortable home environment. The Court finds that it is in the best interest of the children that they be kept together and not separated.”
The trial court further found that the children were dependent and that there was no available alternative to the termination of parental rights.
It is well settled that a parent has a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. McCullough v. Alabama Department of Pensions & Security, 500 So.2d 1093 (Ala.Civ.App.1986). In concluding that termination is in the child’s best interests, this court must apply a two-pronged test in cases where termination is sought by a nonparent. First, the court must make a finding of dependence based on clear and convincing evidence. Then the court must inquire as to whether all viable alternatives to termination have been considered. Carter v. Griffin, 574 So.2d 800 (Ala.Civ.App.1990).
Additionally, we note that the determination made by the trial court following an ore tenus proceeding is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
Although the father was acquitted, the older child has repeatedly testified that his father killed his mother. He testified that he watched them arguing and that his father grabbed his mother by the waist. He said that the father then “took the wire [the electrical cord from a lamp] and wrapped it around her neck.” The older child testified that his mother said “don’t kill me,” and that his father responded “I am anyway.” The older child stated that he saw blood on his mother’s neck and mouth. He also testified that he saw his father get a shovel and “digged some dirt and put her in there.”
We have reviewed the record and find that the evidence does support the findings of the trial court. This is an unusual case. However, in view of the circumstances surrounding the death of the children’s mother, we are inclined to agree with the trial court, that termination of parental rights is in the best interests of the children. As noted above, the overriding consideration is always the best interests of the child. McCullough.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.