MOORE, Judge.
J.W. (“the mother”) appeals from a judgment of the Houston Juvenile Court (“the juvenile court”) terminating her parental rights to C.W. II (“the child”). We affirm.

Procedural History

On March 5, .2015, the Houston County Department of Human Resources (“DHR”) filed a petition to terminate the parental rights of the mother and C.W. (“the father”) to the child, whose date of birth is November 6, 2007. ' After a trial, the juvenile court entered a judgment, on June 15, 2015, terminating the parental rights of the mother and the father. On' June 22, 2015, the mother filed her notice of appeal.[1]

Facts

Tara Glover, a DHR social worker, testified that DHR had become involved -with the mother and the child when the mother was arrested on criminal charges of child endangerment and there were no relatives available to care for the child. Glover testified that, at the time the child was taken into DHR’s custody, the father was incarcerated. Glover testified that the child had been placed with the child’s paternal grandmother for a period but that the paternal grandmother had not been able to manage the child’s behavior. She testified that the child was in foster care at the time of the trial.
Glover testified that, at the time of the trial, the mother had been convicted of several felonies and was ' incarcerated. Specifically, Glover testified that, in 2006, the mother had been convicted of unlawful possession of a controlled substance, possession of marijuana in the first degree, and receiving stolen property in the first degree; that, in 2011, the mother had been convicted of theft of property in the se'cond degree; and that, in 2012, the mother had been convicted of three cases of child endangerment and one case of unlawful manufacturing of a controlled substance. Glover testified that the mother’s anticipated release date from prison was in the year 2032. She testified that the mother will not be eligible for early release until April 1,2019.

Discussion

“A juvenile court’s judgment terminating parental rights must be supported by clear and convincing evidence. Bowman v. State Dep’t of Human Res., 534 So.2d 304, 305 (Ala.Civ.App.1988). "Clear and convincing evidence’ is ‘ “[e]v-idence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.” ’ L.M. v. D.D.F., 840 So.2d 171, 179 (Ala.Civ.App.2002) (quoting Ala.Code 1975, § 6-11-20(b)(4)); see also Ex parte McInish, 47 So.3d 767 (Ala.2008) (explaining standard of review of factual determinations *979 required to be based on clear and convincing evidence). A juvenile court’s factual findings in a judgment terminating parental rights based bn evidence presented ore t'enus are' presumed correct. R.B. v. State Dep’t of Human Res., 669 So.2d 187 (Ala.Civ.App.1995).”
B.C. v. A.A., 143 So.3d 198, 203 (Ala.Civ.App.2013).
Section 12-15-319, Ala.Code 1975, provides, in pertinent part:
“(a) If the juvenile court finds from clear and convincing evidence, competent, material, and ■ relevant in nature, that the parent[ ] of a child [is] unable or unwilling to discharge [his or her] responsibilities to and for the child, or that the conduct or condition of the parent[ ] renders [him or her] unable to properly care .for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parent[ ,]. In determining whether or not the parent[ ] [is] unable or unwilling to discharge [his or her] responsibilities to and for the child and to terminate the.parental rights, the juvenile court shall consider the following factors including, but not limited to, the following:
[[Image here]]
“(4) Conviction of and imprisonment for a felony.”
The mother, argues that the juvenile court erred in terminating her parental rights because, she says, there was not clear and convincing evidence indicating that the mother’s “conduct or condition is unlikely to change in the foreseeable future.” § 12-15-319(a). She points to evidence presented at trial indicating that, during the time that she had been incarcerated, she had already completed various self-improvement classes and programs. She also points to a letter from her employer through a Department of Corrections’ work-release program- that states that the mother is a key employee and that she would be able to retain her job with the employer even after she was released from prison.
Although we agree that the mother’s self-improvement while incarcerated is laudable, the fact remains that, due to her repeated violations of the law, the mother will not be eligible for an early release from prison until April 1, 2019. Therefore, the mother will be unable to care for the child for at least 3 1/2 more years and possibly as long as 17 more years. Accordingly, we cannot conclude that the juvenile court erred in determining that the mother’s “conduct or condition is unlikely to change in the foreseeable future.” § 12-15-319(a). See K.A.P. v. D.P., 11 So.3d 812, 819 (Ala.Civ.App.2008) (recognizing that “current imprisonment extending for a long period during the child’s minority may be a sufficient basis for a finding that the imprisoned parent is unable or unwilling to discharge his or her responsibilities to and for the child, especially when the evidence shows that the-imprisonment prevents the parent from performing ordinary parental duties”); and Carter v. Griffin, 574 So.2d 800, 802 (Ala.Civ.App.1990) (reasoning that “the father’s incarceration is for a period of twenty-seven years, and although he may become eligible for parole at an earlier date, [this court] find[s]-that the trial court could have reasonably concluded that a change in his conduct or condition is unlikely”).
Based on the foregoing, we affirm the juvenile court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Only the mother has appealed from the juvenile court's judgment.