This child custody case originated with petitions filed by the Houston County Department of Human Resources (DHR) alleging that the three children of B.W. (mother) were dependent. K.W. (father), who is in prison in Ohio and is the father of two of the children, was represented by court-appointed counsel at the hearing at which the children were adjudicated dependent and their custody was ordered continued with DHR. The father appeals. We affirm.
At the outset, we note that child custody and visitation rights are matters which are within the discretion of the trial court and that the exercise of that discretion will be reversed only for abuse or plain error. Hutchinson v. Davis,435 So.2d 1303 (Ala.Civ.App. 1983).
The dispositive issue is whether the trial court abused its discretion in allowing DHR and the mother to agree that dependency should be found based on the substandard and inappropriate living arrangements of the children — i.e., living in a van without running water or any type of sanitation facilities — rather than proving the allegations of physical abuse by the mother against the children and, in particular, against the stepson of the father.
The record contains the petitions regarding only two of the children, S.W. and M.W., and alleges that the children were "physically, mentally or emotionally abused by [their] parents, guardians or other custodian and [are] without proper parental care and control necessary for [their] well-being. . . . The family has been living in a van for the last two weeks. . . . "Although there is no petition in the record regarding A.C., the child of the mother and the stepson of the father, a report to the court indicates that A.C. had bruises on his cheek and buttocks at the time that the children were found to be living in unsanitary and crowded conditions. At that time the mother was living with her boyfriend in the *Page 580 
in the van. At the time of the hearing she was with another boyfriend.
The same report indicates that the father is in prison in Ohio serving an 8- to 15-year sentence for burglary, with a consecutive 2-year sentence for grand theft.
At the hearing the attorney for the father indicated that the father would like to see DHR prove its allegations as to physical abuse and that the father would like the children placed with his brother and sister-in-law in Ohio, rather than with the mother. However, the record indicates that there was no petition from the brother and sister-in-law requesting custody. The attorney for the father then stated to the trial court that the father had no objection to an admission of dependency by the mother "as far as dependency goes." The trial court found that all three children were dependent "based on the admission that their living conditions were substandard and not suitable for the children," and custody was continued with DHR.
The admission of the mother as to the living conditions of the children and the agreement by the father through his attorney as to the finding of dependency are clear from the record. The father, in his motion for reconsideration, asked the trial court to reconsider its grant of custody to DHR, which, he says, ordered that efforts be made to return the children to the mother eventually. He also requested that custody be granted instead to his brother. However, on appeal, he now objects to the "dismissal of the petition alleging physical abuse to Appellant's stepson." "Issues raised for the first time on appeal are not ordinarily considered for reversal," Valero v. State, Department of Human Resources,511 So.2d 200 (Ala.Civ.App. 1987). Therefore, we do not find this issue to be a proper basis for reversal in this case.
In addition to the brief filed on behalf of the father by his attorney, the father has filed another brief, which he has titled "Amicus Curiae Brief." An amicus curiae is not a party.State ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 106
(1974). Here, the father is a party to this action and is represented by counsel; therefore, he cannot be an amicus curiae. However, we will treat the father's amicus curiae brief as a brief of a party acting pro se. As such, the father must comply "with legal procedure or court rules." Hubbard v.Montgomery, 372 So.2d 315, 317 (Ala. 1979).
Although the father's amicus curiae brief presents a number of issues on appeal, he fails to cite any authority supporting his arguments. This precludes us from considering the issues presented. Rule 28(a)(5), Alabama Rules of Appellate Procedure;Matter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985).
Although we find that there is no proper ground for reversal of the court's finding of dependency and continuing custody with DHR, we also find the father's concern for the care and welfare of his children to be commendable. However, we express confidence that the honorable trial judge will use every caution in ensuring that the children's future placement will be accomplished with the welfare and best interests of the children as the overriding consideration. Minchew v. MobileCounty Department of Human Resources, 504 So.2d 310
(Ala.Civ.App. 1987).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.
INGRAM, P.J., not sitting.