603 So.2d 1100 (1992)
L.G.
v.
STATE DEPARTMENT OF HUMAN RESOURCES.
No. 2900691.
Court of Civil Appeals of Alabama.
August 14, 1992.
*1101 Lexa E. Dowling of Johnson, Etheredge & Dowling, Dothan, for appellant.
William Prendergast, Coleman Campbell and Lynn S. Merrill, Asst. Attys. Gen., for appellee.
Banks T. Smith of Hall, Sherrer & Smith, Dothan, guardian ad litem.
ROBERTSON, Presiding Judge.
This case involves the termination of parental rights of L.G. (mother) and T.G. (father) to their three minor children, B.G., D.G., and A.G., ages 12, 10, and 8 years respectively.
Judicial intervention to protect the health and welfare of these three minor children began in January 1987, when the children were placed under the protective supervision of the Houston County Department of Human Resources (DHR).
Various attempts to rehabilitate the mother and to reunite the children with the mother over the years have failed. The children have lived in foster care from June 1989 to August 1990, and were returned to foster care in January 1991.
The father filed a waiver of appearance and a consent to the termination of parental rights on the day of the hearing. After a lengthy trial and a number of witnesses, all of which, except for the mother, testified in support of termination of parental rights, the trial court entered an order terminating the parental rights of the mother and the father and granted permanent custody to DHR. The mother appeals.
Initially, we recognize that every parent has a prima facie right to custody of their children. In re Moore, 470 So.2d 1269 (Ala.Civ.App.1985). This prima facie right can only be overcome by clear and convincing evidence that the children's best interests would be served by removing the children from the parents' custody. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988), cert. denied (1988). It is this consideration, the best interests of the children, which lies at the heart of every proceeding to terminate parental rights. East.
The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7, Code 1975. The trial court shall consider whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. § 26-18-7(a), Code 1975. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of *1102 the children according to agreements reached administratively or judicially. § 26-18-7(b), Code 1975.
In this case, the Guardian Ad Litem instituted proceedings to terminate the parental rights. In cases such as this, where a nonparent is the petitioner, the trial court's determination is governed by the application of a two-pronged test. Ex parte Beasley, 564 So.2d 950 (Ala.1990). First, the court must conclude from clear and convincing evidence that the child is dependent. Beasley. Second, the court must consider and reject all other viable alternatives to termination of parental rights so that it can conclude that termination is in the child's best interests. Beasley. Additionally, the trial court's determination on these matters is presumed correct on appeal, and we will not reverse absent a determination that the trial court's judgment is so unsupported by the evidence as to be plainly and palpably wrong. Brooks v. State Dep't of Human Resources, 513 So.2d 632 (Ala.Civ.App.1987).
A lengthy discussion and recitation of the evidence presented to and considered by the trial court would serve no useful purpose. We have carefully reviewed the record, and the evidence presented clearly supports the trial court's judgment in this case.
We find, as the Guardian Ad Litem set out in brief, that the trial court's "decision in this case was proper and [was] based on overwhelming evidence justifying termination of parental rights...." Also, the Guardian Ad Litem urges "this court to uphold that decision and allow the Department of Human Resources to proceed with a proper adoption of these children as a continuing delay in this matter injures only the children." We agree.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.