This is a child custody case.
K.W., in his pro se brief on appeal, attempts to raise two issues for review, but fails to cite any authority whatsoever in support of his contentions. In fact, K.W. acknowledges that he cites no authority, but instead requests that we accept his brief without authority since 1) "he lives in . . . Ohio and does not have any access at all to Alabama laws and statutes, And therefore cannot submit . . . case laws, statutes or authorities in his brief on appeal" and 2) "he has requested the assistance from his court appointed attorney in obtaining case laws and authorities for said appeal. . . . However this appellants attorney has not provided any such documents to this appellant" [sic].
Rule 28(a)(5), Alabama Rules of Appellate Procedure, states that the appellant's brief shall contain an argument, and that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor,with citations to the authorities . . . relied on." (Emphasis added.)
In Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890
(Ala.Civ.App. 1991), we stated the following:
 "A party acting pro se must comply with legal procedure and court rules. . . . Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. In view of [the appellant's] failure to substantially comply with the rules, we pretermit a discussion of the issues he attempts to raise in this case. It is not the duty nor the function of an appellate court to perform one's legal research.
 "[The appellant's] failure to comply with Rule 28, A.R.App.P., provides nothing to review on appeal. That failure places him in a perilous position, precluding consideration of the issues." (Citations omitted.)
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 975