This appeal involves the termination of the parental rights of H.M.W. to her minor children, S.M. and B.G.M., and the termination of the parental rights of K.W. to his minor *Page 1050 
child, S.M. The father of B.G.M. was notified of the termination of parental rights hearing, but he had no objection to the proceedings.
Judicial intervention to protect the health and welfare of these two minor children began at birth, when the children were placed under the protective supervision of the Mobile County Department of Human Resources (DHR), and continued to the time of the termination of parental rights hearing.
Following an ore tenus proceeding, the trial court entered a judgment as to each child, terminating the parental rights of the mother and the father and granting permanent custody of the minor children to DHR.
The mother of the two children and the father of S.M. appeal, contending that the trial court erred in terminating their parental rights because, they contend, there was no evidence that they were unwilling or unable to discharge their parental responsibilities.
Initially, we recognize that every parent has a prima facie right to the custody of his or her child. L.G. v. StateDepartment of Human Resources, 603 So.2d 1100
(Ala.Civ.App. 1992). This prima facie right can be overcome only by clear and convincing evidence that the child's best interests would be served by removing the child from the parent's custody. Id. It is the consideration for the best interests of the child that lies at the heart of every proceeding to terminate parental rights. L.G., supra.
The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7, Ala. Code 1975. The trial court shall consider whether the parents suffer from emotional illness, mental illness, or mental deficiency, whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. §26-18-7(a), Ala. Code 1975. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of the children according to agreements reached administratively or judicially. §26-18-7(b), Ala. Code 1975.
In this case, DHR petitioned to terminate the parental rights. In such cases as this, where a non-parent is the petitioner, the trial court's determination is governed by the application of a two-pronged test. Ex parte Beasley,564 So.2d 950 (Ala. 1990). First, the trial court must conclude from clear and convincing evidence that the child is dependent. Id.
Second, the court must consider and reject all other viable alternatives to termination of parental rights, so that it can conclude that the termination is in the child's best interests.Beasley, supra. Additionally, the trial court's determination on these matters is presumed correct on appeal, and we will not reverse absent a determination that the judgment of the trial court is so unsupported by the evidence as to be plainly and palpably wrong. L.G., supra.
The record evidence reveals that both the mother and the father have lengthy histories of mental illness. The mother was confined in a hospital psychiatric ward at the time of the birth of each minor child, and as of the time of the termination proceeding she had never exercised physical custody or care of the minor children. The mother is unable to care for herself and she had previously had her two eldest children removed from her care and custody; her parental rights as to her two eldest children were terminated because of her inability to care for those children or for herself. The father had never exercised care or custody of his minor child, nor had he ever requested visitation with the child. The father testified that he is unable to care for his minor child and that he has limited means of support.
Neither the father nor the mother contests the trial court's finding that the minor children are dependent, so the first prong of the test is met. As to the alternatives available to the trial court, the record evidence shows *Page 1051 
that DHR contacted the families of the mother and the father, but that neither family was willing or able to care for the minor children nor was the paternal family of B.G.M. willing or able to care for B.G.M. Based on the lack of viable alternatives, the trial court determined that the termination of the parental rights of H.M.W. and K.W. was in the best interests of S.M. and B.G.M. We have carefully reviewed the record, and we cannot hold that the judgment of the trial court is so unsupported by the evidence as to be plainly and palpably wrong.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.