This appeal involves the termination of the parental rights of L.S.S. (mother) and M.H.S. (father) as to their four minor children, E.L.R., D.M.R., M.E.R., and M.H.R. (minor children).
Judicial intervention to protect the health and welfare of these four minor children began in April 1989, when the children were placed under the protective supervision of the Franklin County Department of Human Resources (DHR), and it continued to the time of the hearing on the petitions to terminate parental rights.
Various attempts to rehabilitate the mother and the father were made in order to reunite the minor children with the parents; however, these attempts were unsuccessful because of the mother and father's refusal to cooperate with DHR and the trial court.
The record reflects that both the father and the mother were served with a notice of the termination of parental rights hearing, and the paternal grandmother testified at the hearing that the mother and the father were aware of the hearing. However, neither the father nor the mother appeared at the hearing. The record reflects that neither the father nor the mother contacted the trial court or their attorney to seek a continuance or a delay in the hearing, and the record contains no evidence of any reason why neither the father nor the mother could attend the hearing.
Following an ore tenus proceeding, the trial court entered a judgment as to each child, terminating the parental rights of the mother and the father and granting permanent custody of the four minor children to DHR.
The mother and the father appeal, contending that the trial court erred in finding that DHR had used "reasonable efforts" to rehabilitate and reunite the father and the mother with the minor children, and that the trial court erred in finding that all viable alternatives to terminating parental rights had been considered.
Initially, we recognize that every parent has a prima facie right to the custody *Page 421 
of his or her child. L.G. v. State Department of HumanResources, 603 So.2d 1100 (Ala.Civ.App. 1992). This prima facie right can be overcome only by clear and convincing evidence that the child's best interests would be served by removing the child from the parent's custody. Id. The consideration for the best interests of the child lies at the heart of every proceeding to terminate parental rights. L.G.,supra.
The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7, Ala. Code 1975. The trial court shall consider whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. § 26-18-7(a), Ala. Code 1975. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of the children according to agreements reached administratively or judicially. § 26-18-7(b), Ala. Code 1975.
In this case, DHR instituted proceedings to terminate the parental rights. In such cases as this, where a nonparent is the petitioner, the trial court's determination is governed by the application of a two-pronged test. Ex parte Beasley,564 So.2d 950 (Ala. 1990). First, the trial court must conclude from clear and convincing evidence that the child is dependent.Id. Second, the court must consider and reject all other viable alternatives to termination of parental rights so that it can conclude that the termination is in the child's best interests.Beasley, supra. Additionally, the trial court's determination on these matters is presumed correct on appeal, and we will not reverse absent a determination that the judgment of the trial court is so unsupported by the evidence as to be plainly and palpably wrong. L.G., supra.
The record evidence clearly reveals that the minor children were dependent and that any effort exerted by DHR to rehabilitate the mother and the father was thwarted by the action or inaction of both parents. That evidence reflects that the father suffers from a mental illness and has refused treatment for his illness; that the father had threatened to injure or kill DHR workers and court officials; that the mother and the father had refused to attend parenting classes; that the mother rarely visited the minor children; and that neither the mother nor the father had contributed to the support of the minor children after DHR removed the children from their custody. As to the alternatives available to the trial court, the record evidence shows that DHR attempted to place the minor children with the paternal grandmother; however, that placement was unsuccessful because of the grandmother's refusal to comply with the orders of the trial court and the mandates of DHR. The record contains ample evidence demonstrating that the paternal grandmother was not a viable candidate to have the custody and care of the minor children and that there were no other viable alternatives available to the trial court. We have carefully reviewed the record, and we conclude that the evidence presented overwhelmingly supports the judgment of the trial court.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur. *Page 422