K.W. ("the father") appeals from judgments terminating his parental rights as to his two minor children, S.M.W. and M.S.W., and granting their permanent custody to the Alabama Department of Human Resources ("DHR"). The mother was also a party in these termination cases, but did not appear at the termination hearing, had no representation there, and did not appeal. We affirm.
The father has been imprisoned in Ohio since March 31, 1989, following his conviction of several felonies. DHR has been involved with this family since November 2, 1989, when S.M.W. was 14 months old and M.S.W. was three months old. At that time, they were removed from the mother and placed in the custody of DHR. A.C., a child of the mother's by another man, was also placed in foster care with his half-siblings. In August 1990, the children were adjudged dependent and their custody was ordered continued with DHR. The father appealed the adjudication of dependency; this court affirmed. K W. v. StateDep't of Human Resources, 575 So.2d 579 (Ala.Civ.App. 1991). Efforts thereafter to rehabilitate the mother and to rectify conditions that spawned child abuse were unsuccessful. A short time later the mother left the locality, and she has had no contact with the children since 1991.
The evidence, presented ore tenus, reveals that these children have spent most of their lives either in foster care or in relative placements that failed, each instance having followed from an adjudication. The father has a brother who lives in Ohio; on September 4, 1990, that brother and his wife ("the Ohio relatives") petitioned for custody. This was followed by an order placing the children with their mother, who was found to be employed, to have suitable housing, and to have completed mental health counseling and parenting classes. Following a petition by the father alleging abuse, however, DHR received the custody of the children again.
On February 20, 1991, a hearing was held on the petitions filed by the Ohio relatives and by the father. Following this hearing, the trial court ordered that custody remain with DHR, and the children remained in foster care. Then in April and June 1991, petitions for custody were filed by the Ohio relatives and by a paternal aunt of A.C.'s in South Carolina. On July 17, 1991, custody of all three children was given to the South Carolina aunt, and they lived with her until December 18, 1991. At that time, because of the misbehavior of some of the children, the aunt placed them in a home approved by a local social service agency, until she returned them to Houston County, Alabama, in February 1992. On February 11, 1992, following a hearing on the Ohio relatives' petition for custody, the trial court again found the children to be dependent, denied the petition, and returned custody of the three children to DHR, which placed them in foster care. The father appealed the trial court's denial of one of his brother's petitions for custody of the children; this court again affirmed the judgment of the trial court. K.W v. StateDep't of Human Resources, 614 So.2d 452 (Ala.Civ.App. 1992).
Then, on April 3, 1992, another brother of the father (a brother who lives in Alabama) and that brother's wife ("the Alabama relatives") petitioned for custody. Both S.M.W. and M.S.W. ultimately were placed in the *Page 851 
custody of the Alabama relatives. That custody arrangement was terminated on February 15, 1994, after DHR had received a child abuse report. Meanwhile, on January 31, 1994, the guardian ad litem appointed to represent the children petitioned to terminate the parental rights of the mother and the father. The Ohio relatives, on March 28, 1994, again petitioned for custody. The termination hearing was held on April 13, 1994, and subsequently, on April 29, 1994, the trial court granted a motion to dismiss all outstanding petitions for custody.
The termination of parental rights is a serious matter and is not considered lightly. Although a parent has a prima facie right to the custody of his or her child, this right can be overcome by clear and convincing evidence that the child's best interests would be served by removing the child from the parent's custody. M.H.S. v. State Dep't of Human Resources,636 So.2d 419, 421 (Ala.Civ.App. 1994). A consideration of the best interests of the child is fundamental to every proceeding to terminate parental rights. Id.
In cases in which a nonparent has instituted termination proceedings, the trial court's decision is governed by a two-part test. Ex parte Beasley, 564 So.2d 950, 954 (Ala. 1990). In this case, the first prong of this test, a finding that the children were dependent, had been made before the termination proceedings. See K.W. v. State Dep't of HumanResources, 575 So.2d at 579. The second prong of the test requires the trial court to consider and reject all alternatives to termination of parental rights in order to conclude that termination is in the best interests of the children. Beasley, 564 So.2d at 954-55. On appeal, the trial court's judgment in this regard is presumed correct, and it will not be reversed by this court unless it is so unsupported by the evidence that it is plainly and palpably wrong. M.H.S., 636 So.2d at 421.
The father contends that the trial court committed reversible error by admitting hearsay evidence. He complains of testimony by Deanna Weaver, a social worker with the Houston County Department of Human Resources, who testified of her telephone conversation with a Texas case worker who had done a home study for that state on the Ohio relatives, and of a similar conversation she had with a case worker in Ohio. We pretermit discussion of this issue, because there was ample clear and convincing evidence before the trial court supporting the judgment terminating the parental rights of the father. § 12-15-65(f), (g), Ala. Code 1975.
DHR has been directly involved with these children since November 1989, when they were removed from their mother's custody and placed with DHR. DHR attempted to rehabilitate the mother and to reunite the children with her, only to take custody of them again. Thereafter, the record discloses, DHR made repeated efforts to place these children with relatives. None of those efforts has succeeded, principally because of child abuse. Indeed, for approximately five years, the trial court has conducted hearings on the placement of these children and on the problems experienced by DHR resulting from the various placements. None of the alternatives has proved viable.
Moreover, the father was imprisoned in Ohio when the children were originally placed with DHR, and he is still imprisoned there. He was convicted of felony offenses in 1985 and in 1989. From the 1989 sentencing report, it appears that he has two other felony convictions. His earliest potential parole hearing date is July 1995. Alabama law provides that a parent's felony conviction is a factor that the trial court can consider in concluding that the father is not a viable choice for the children's custody. § 26-18-7(a)(4), Ala. Code 1975. Nor can the trial court be placed in error for not granting the father custody based on speculation that the father will be paroled and will establish a home suitable for the upbringing of these children. § 26-18-7(a)(4); Carter v. Griffin, 574 So.2d 800
(Ala.Civ.App. 1990).
Accordingly, this court concludes that the trial court heard clear and convincing evidence supporting its findings that it was in these children's best interests to terminate the parental rights of the mother and the father and that no less drastic alternative *Page 852 
was reasonable or available. It is time to end the lifetime of shuttling these children have experienced and to place them into a settled environment.
AFFIRMED.
All the Judges concur.