702 So.2d 138 (1997)
A.R.E.
v.
E.S.W. and B.E.W., Jr.
2960373.
Court of Civil Appeals of Alabama.
June 6, 1997.
Rehearing Denied July 11, 1997.
*139 James M. Ivins of Cornett & Ivins, Phenix City, for appellant.
Connie Cooper, Phenix City, for appellees.
THOMPSON, Judge.
On October 24, 1995, E.S.W. and B.E.W., Jr., having temporary custody of twin girls, filed two petitions for custody, one for each child, in the Russell County Juvenile Court. The petitions sought permanent custody of the children and sought to terminate the parental rights of A.R.E., the children's mother, and C.K., the father. Following a hearing, the trial court entered an order on November 22, 1995, setting another hearing date, appointing a guardian ad litem for the minor children, and ordering that A.R.E. and the maternal grandmother have supervised visitation with the children in the home of E.S.W. and B.E.W., Jr.
A.R.E. filed a petition for rule nisi on January 18, 1996, alleging that E.S.W. and B.E.W., Jr., had refused to allow her and the maternal grandmother to exercise the court-ordered visitation. A.R.E. also filed a counter-petition for permanent custody of the minor children. On January 22, 1996, the trial court ordered that A.R.E. have supervised visitation at a neutral location and that A.R.E.'s home be evaluated by the Department of Human Resources.
In February 1996, both the maternal grandmother and the father of the minor children filed petitions with the court seeking permanent custody of the minor children. On March 20, 1996, the trial court ordered that home studies be conducted on all interested parties and that the Department of Human Resources release all findings made regarding the minor children.
On March 27, 1996, A.R.E. filed motions for rule nisi, alleging that E.S.W. and B.E.W., Jr., had failed or refused to allow her to exercise her supervised visitation rights. On July 11, 1996, E.S.W. and B.E.W., Jr., filed motions to terminate A.R.E.'s visitation with the minor children. Following a hearing, the trial court entered an order on July 26, 1996, denying A.R.E.'s petition for rule nisi and ordering that the January 26, 1996, order regarding visitation remain in effect.
This case was tried on November 7 and 8, 1996. At trial, the father, because of a change in his circumstances, withdrew his petition for permanent custody and requested visitation rights. The trial court entered an order on December 3, 1996, granting permanent custody of the minor children to E.S.W. and B.E.W., Jr., and terminating the parental rights of A.R.E. The order also terminated the maternal grandmother's visitation rights, granted supervised visitation to the father, and ordered the father to pay child support. On December 16, 1996, A.R.E. filed a motion to alter, amend, or vacate the judgment. That motion was denied on January 2, 1997. A.R.E. appeals.
Every parent has a prima facie right to custody of his or her child and that right can only be overcome by a showing of clear and convincing evidence that removing the child from the parent's custody would be in the best interests of the child. M.H.S. v. State Dep't. of Human Resources, 636 So.2d 419 (Ala.Civ.App.1994).
"The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7, Ala.Code 1975. The trial court shall consider whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. § 26-18-7(a), Ala.Code 1975. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of the children according to agreements reached administratively or judicially. § 26-18-7(b), Ala.Code 1975."
M.H.S. v. State Dep't of Human Resources, 636 So.2d at 421.
*140 Where a nonparent petitions to terminate a parent's parental rights, the trial court must apply a two-pronged test. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). The trial court must first determine that the child is dependent. Id. After finding the child dependent, the court must examine viable alternatives to the termination of parental rights. Id. On appeal, the trial court's determination is presumed to be correct, and it will not be reversed absent a showing that the decision is so unsupported by the evidence as to be plainly and palpably wrong. M.H.S. v. State Dep't of Human Resources, supra. In a proceeding to terminate parental rights, the paramount consideration of the trial court, and of this court, is the best interests of the children involved. Id.
In her brief, A.R.E. makes three arguments: first, that the trial court erred in terminating her parental rights; second, that the trial court failed to consider alternatives to terminating her parental rights (we recognize that A.R.E.'s second argument is really a sub-part of the first argument); and third, that the trial court erred in refusing to award custody of the minor children to their maternal grandmother.
The evidence presented at trial was that the twin girls were born in 1991. A.R.E. married her current husband when the children were approximately 7 months old. A.R.E. and her husband separated and A.R.E. had an affair with a man who abused the children. A.R.E. eventually reunited with her husband and decided to travel with him in his job as a truck driver. She left the minor children, who were two years old at the time, in the care of a relative in November 1994. The relative testified that when A.R.E. left the children with her the children had bruises, were anemic, and had poor eating habits. The relative also testified that A.R.E. failed to maintain contact with her children after she left Alabama and that A.R.E. never provided any support for the children.
Because of complications due to her pregnancy, the relative was no longer able to care for the children. The relative gave custody of the children to E.S.W. and B.E.W., Jr., in late June 1995. On July 7, 1995, the juvenile court declared the minor children dependent and awarded E.S.W. and B.E.W., Jr., temporary custody of the children. A.R.E. had knowledge of this change in her children's custody, but remained in Colorado with her husband's family because she was pregnant. She gave birth in Colorado in July 1995. A.R.E. returned to Alabama with her husband in November 1995, apparently in response to these proceedings, which were initiated in October 1995. A.R.E. failed to provide any support for the two children while they were in the custody of her relative or while they were in the custody of E.S.W. and B.E.W., Jr.
At the time of trial, A.R.E., her husband, her infant daughter, and A.R.E.'s brother were living with the minor children's maternal grandmother. The psychologist appointed by the court expressed some concern that A.R.E. and her husband, if awarded custody, would move from that home. Four weeks after the court-ordered home study was conducted by the Department of Human Resources, A.R.E. and her husband declared bankruptcy. The psychologist also expressed concern about A.R.E.'s tendency to blame others for her problems and about several discrepancies between A.R.E.'s testimony at trial and what A.R.E. had told the psychologist during the course of the evaluation of A.R.E.
The maternal grandmother lives in the same town as E.S.W. and B.E.W., Jr. She was aware at all times of the situation regarding the minor children. The trial court specifically found that the grandmother was unable or unwilling to care for the children, as evidenced by her past conduct. The grandmother fully supported the transfer of custody of the girls to E.S.W. and B.E.W., Jr., until the petition for termination of parental rights was filed. Until that time, the grandmother refused to allow the children to live with her. She visited the children only occasionally and contributed little to their support during the time they were in the custody of E.S.W. and B.E.W., Jr.
The grandmother testified at trial about her daughter's history of erratic and inappropriate behavior, which was detailed in a lengthy letter the grandmother sent to the *141 trial judge in July 1995, in support of E.S.W. and B.E.W., Jr.'s petitions for temporary custody of the children. Further, the children's maternal grandfather refused to comply with the court-ordered evaluations of every person who would have significant contact with the minor children. Although they are now divorced, the grandmother testified that the grandfather spends three or four days and nights per week at her home.
The children have been in the care and custody of E.S.W. and B.E.W., Jr., since July 1995. They attend church as a family, and the children attend pre-school. E.S.W. is very active in the children's social activities and participates as a "room mother" for the children's pre-school class. The children have largely overcome the health and behavioral problems they had when E.S.W. and B.E.W., Jr., first gained custody. E.S.W. and B.E.W., Jr., have provided the children with a loving, stable home; they have dealt responsibly with the health and behavioral repercussions of the children's prior neglect. The psychologist who treated the children, and who formulated a custody evaluation by order of the trial court, testified that the children had progressed under the care of E.S.W. and B.E.W., Jr. The psychologist testified that it would be detrimental to remove the children from the home of E.S.W. and B.E.W., Jr.
The trial court applied the appropriate test in terminating A.R.E.'s parental rights. The trial court properly determined that the children were dependent because of A.R.E.'s initial abandonment and the subsequent removal of custody from her to E.S.W. and B.E.W., Jr., and because of A.R.E.'s failure to maintain any contact with them. In its order, the trial court also discussed and rejected the alternatives to termination of A.R.E.'s parental rights. The trial court specifically found that neither A.R.E. nor the grandmother was able or willing to care for the children. Because of the father's impending divorce, he had withdrawn his petition for custody and requested visitation instead. Thus, the trial court examined the alternatives to terminating A.R.E.'s parental rights. A.R.E.'s contention of error on this ground must fail.
The evidence clearly supports the trial court's finding that A.R.E.'s conduct has been and continues to be inconsistent and that A.R.E. failed to demonstrate that she is capable of meeting the needs of her children. The evidence indicates that while they were in A.R.E.'s care the children may have been sexually abused. The Department of Human Resources's investigation revealed that the children, before being abandoned, had been physically abused and neglected while in A.R.E.'s care. The children were anemic and had poor eating habits when A.R.E. abandoned them to the care of the relative. A.R.E. has failed to maintain contact with the children and has provided no support for them in the two years they have been in the custody of either her relative or E.S.W. and B.E.W., Jr. The trial court also found that A.R.E. had failed to adjust her circumstances to meet the needs of her children. At the time of trial, A.R.E. admitted that she was living with her mother, that she was still having financial difficulties, and that she and her husband had filed for bankruptcy protection.
In any proceeding to terminate parental rights, the paramount consideration should be the best interests of the children involved. See M.H.S. v. State Dep't of Human Resources, 636 So.2d 419 (Ala.Civ.App. 1994); Ex parte Beasley, 564 So.2d 950 (Ala. 1990). The physical, financial, and mental abilities of the parent to care for the child must be considered by the trial court in its determination of the child's best interests. J.F.J. v. State Dep't of Human Resources, 681 So.2d 626 (Ala.Civ.App.1996). The trial court, as opposed to a reviewing court, is in the best position to evaluate the circumstances of each case and to determine the best interests of the children.
It is apparent that the trial court, in determining the best interests of these children, decided that the disruption in the children's lives should not continue. It is clearly in the best interests of these children to remain in the stable, nurturing environment that has been provided by E.S.W. and B.E.W., Jr., during the time A.R.E. has been unwilling and unable to care for the children. The *142 trial court found, by the requisite clear and convincing evidence, that the best interests of the minor children would be served by terminating A.R.E.'s parental rights and by granting permanent custody of the children to E.S.W. and B.E.W., Jr. A great deal of evidence supports the trial court's judgment, and we have afforded that judgment the requisite presumption of correctness on appeal. Given the circumstances of this case, we cannot say the trial court's determination was plainly wrong.
A.R.E. next argues that the trial court erred in failing to award custody of the children to their maternal grandmother. The maternal grandmother has not appealed the judgment of the trial court; therefore, this issue has not been properly presented to this court. Even assuming, arguendo, that on appeal A.R.E. had standing to assert the maternal grandmother's rights, given the facts of this case we would find no abuse of discretion in the trial court's judgment.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.