YATES, Judge.
This case involves the termination of parental rights of the mother, I.A.J., and the father, H.L.H., as to their two minor children. Only the mother appeals.
The mother and father are divorced; pursuant to a divorce judgment, the father had had custody of the children since 1994. In March 1997, the Covington County Department of Human Resources (“DHR”) petitioned the court for temporary custody of the children. DHR alleged that there was evidence of neglect and abuse by the father and that the children would be in immediate physical and/or emotional danger if they remained in the father’s home. Further, DHR provided a report detailing numerous reports of neglect and abuse of the children from 1993 through 1997 involving the father and other family members. On April 1, 1997, the court granted DHR temporary custody; ordered that the children be placed in therapeutic foster care, based on their special needs;[1] and ordered a home evaluation of the mother for possible placement. In September 1997, the court received a report from the Florida Department of Children and Families. That report disapproved the mother’s home for placement, finding, among other things, that the mother had 14 other people living in her household; had a history of alcohol and drug abuse; had an extensive criminal history; had had recent incidents of alcohol use; and lacked financial stability. Following a dispositional hearing in September 1998, at which both parents were present, the court informed the parents that if conditions did not improve or if suitable relative placements were not found, the court would adopt DHR’s plan to terminate their parental rights.
In October 1998, DHR petitioned to terminate the parents’ rights, alleging that the children continued to be dependent because of the parents’ unwillingness and inability to properly care for the children. DHR stated that the parents had failed to provide for the material needs of the children, that they had failed to maintain regular visits or consistent communication with the children, and that DHR’s' attempts to rehabilitate the parents had failed. Further, DHR alleged that the parents would be unable to provide a suitable home for the children in the foreseeable future; that there were no relative resources identified for alternative placement; and that it would be in the “best interest of the minor children that the natural parents be permanently relieved of the [children’s] care and custody.”
Following an ore tenus proceeding, the court, on January 19, 1999, terminated the parental rights of the mother and father. The mother appeals, arguing that the trial court’s judgment is not supported by clear and convincing evidence.
When ore tenus evidence is presented in a case involving the termination of parental rights, the judgment of the trial court is presumed correct and will be set aside only if the record shows the judgment to be plainly and palpably wrong. L.A.G. v. State Dep’t of Human Resources, 681 So.2d 596, 598 (Ala.Civ. App.1996).
“ ‘The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that *960 the parents are unable or unwilling to discharge their responsibilities to and for the children. The trial court shall consider whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of the children according to agreements reached administratively or judicially.’ ”
A.R.E. v. E.S.W., 702 So.2d 138, 139 (Ala. Civ.App.1997) (quoting M.H.S. v. State Dep’t of Human Resources, 636 So.2d 419, 421 (Ala.Civ.App.1994) (citations omitted)).
To terminate the parental rights upon the State’s petition, a court must make several findings. First, the court must determine that the child is dependent, according to clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parent’s custodial rights. J.L. v. State Dep’t of Human Resources, 688 So.2d 868, 869 (Ala.Civ.App.1997). Although a child’s parents have a prima facie right to custody, the paramount concern in these proceedings is the best interests of the child. Id.; see also S.W. v. Walker County Dep’t of Human Resources, 709 So.2d 1267 (Ala.Civ.App.1998).
The court entered a detailed 10-page order that chronicled the history of abuse and neglect of the children, beginning in Florida in 1989 and involving both parents and continuing with numerous reports involving the father in Alabama. The two abuse reports involving the mother occurred in 1989; the children have not resided with the mother since 1994. The trial court heard testimony regarding the mother’s extensive history of alcoholism and drug use, including arrests for drug possession; a listing in the Florida registry for child abuse; and a two-year sentence with the Florida Department of Corrections for violent offenses and drug crimes. A report made following a Florida home evaluation in 1997 stated that the mother continued to consume alcohol; that she lived with an abusive spouse; and that she would not be approved for placement. The Alabama DHR reported that the mother continued to have a drinking problem; that she had an unstable employment history and unstable living arrangements; and that she had failed to improve her home life since 1989. Further, a DHR employee testified that the children, because of their special needs, had received counseling and treatment in therapeutic foster care and that the mother’s continued instability would not provide an appropriate environment to meet the needs of the children.
The mother testified that she was currently married to an abusive spouse but that she was planning to divorce him; that she was currently unemployed; and that she had moved several times within the past six months and planned to relocate in Alabama. The mother gave conflicting testimony regarding her drinking problem and her attendance at substance abuse/treatment programs.
The court also considered testimony by the paternal grandmother, who had previously petitioned for custody of both children. She had been rejected as a relative resource because of her age, the age and health problems of her husband, and the fact that her son, who was a convicted child molester, lived on her property.
*961 After thoroughly reviewing the record, we find evidence to support the termination of the mother’s parental rights. The trial court had the opportunity to hear and observe the witnesses, including the mother. We, therefore, accept the trial court’s determination that DHR has carried its burden of proving that the mother is unable to provide a stable home environment for the children and that it is in the best interests of the children to terminate the mother’s parental rights.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.

. The older child, age 12, had been diagnosed with attention deficit hyperactivity disorder (ADHD) and pppositional defiant behavior, and the younger child, age 11, had been diagnosed with adjustment disorder with mixed disturbance of emotion and conduct.