MURDOCK, Judge,
dissenting.
I respectfully dissent.
I 'write separately for two reasons. The first is to note my concern with this court’s reliance in this and other cases on A.R.E. v. E.S.W., 702 So.2d 138 (Ala.Civ.App.1997). Notwithstanding that concern, I would not dissent in this case if not for the fact that it is not clear to me that the trial court properly applied our law regarding termination of parental rights and the examination of viable alternatives in connection therewith. This latter concern is the second reason for this writing.
I.
This court has in numerous termination-of-parental-rights cases cited A.R.E. In recent cases in which I have agreed with the result reached by the main opinion of this court, I have merely concurred in the result of that opinion (rather than concurring in the opinion itself, thereby indicating my agreement with its reasoning) if the opinion relies upon A.R.E. I take this opportunity to explain my reasons for doing so.
This court-stated mA.R.E.:
“Every parent has a prima facie right to custody of his or her child and that right can only be overcome by a showing of clear and convincing evidence that *1119 removing the child from the parent’s custody would be in the best interests of the child. M.H.S. v. State Dep’t of Human Resources, 636 So.2d 419 (Ala.Civ.App.1994).”
702 So.2d at 139 (emphasis added). The notion that a parent’s right to the custody of his or her child can be overcome merely by a showing (whether by clear and convincing evidence or otherwise) that removal of the child from the parent’s custody would be “in the best interest of the child,” is valid if one bears in mind that our law presumes that a natural parent’s maintenance of custody of a child is in the child’s best interest,[2] and only allows this presumption to be rebutted upon a showing of “unfitness” or forfeiture. See Ex parte Beasley, 564 So.2d 950 (Ala.1990); Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte Berryhill, 410 So.2d 416 (Ala.1982); § 26-18-7, Ala.Code 1975. See generally D.M.P. v. State Dep’t of Human Res., 871 So.2d 77 (Ala.Civ.App.2003) (plurality opinion with two judges concurring and three judges concurring in the result).[3] Without this understanding, I find the above-quoted statement from A.R.E. to be confusing, at best.
In A.R.E., this court also stated:
“ ‘The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7, Ala.Code 1975. The trial court shall consider whether the parents have abandoned their children, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. § 26-18-7(a), Ala. Code 1975. If the children are not in the physical custody of their parent or parents, the trial court shall also consider such circumstances as whether the parents have provided material needs for the children, whether the parents have maintained regular, scheduled visits with the children, and whether the parents have adjusted their circumstances to meet the needs of the children according to agreements reached administratively or judicially. § 26-18-7(b), Ala.Code 1975.’
“M.H.S. v. State Dep’t of Human Resources, 636 So.2d [419,] 421 [(Ala.Civ.App.1994)].
‘Where a nonparent petitions to terminate a parent’s parental rights, the trial court must apply a two-pronged test. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). The trial court must first determine that the child is dependent. Id. After finding the child dependent, the court must examine viable alternatives to the termination of parental rights. Id. On appeal, the trial court’s determination is presumed to be correct, and it will not be reversed absent a showing that the decision is so unsup *1120 ported by the evidence as to be plainly and palpably wrong. M.H.S. v. State Dep’t of Human Resources, supra. In a proceeding to terminate parental rights, the paramount consideration of the trial court, and of this court, is the best interests of the children involved. Id.”
702 So.2d at 139-40 (emphasis added).
With regard to the foregoing, I first note that our Supreme Court in Ex parte Beasley did not hold that a trial court has “the authority to terminate parental rights” merely if it finds that the parents are “unable or unwilling to discharge their responsibilities to and for the children.” Under Ex paHe Beasley, a trial court has this “authority” only where both prongs of a “two-pronged test” are satisfied. See D.M.P., 871 So.2d at 93 (plurality opinion).
Further, the “two-pronged test” identified in Ex parte Beasley is different than that articulated in A.R.E. In Ex parte Beasley, our Supreme Court stated:
“The two-prong test that a court must apply in a parental rights termination case brought by a custodial parent consists of the following: First, the court must find that there are grounds for the termination of parental rights, including, but not limited to, those specifically set forth in § 26-18-7. Second, after the court has found that there exist grounds to order the termination of parental rights, the court must inquire as to whether all viable alternatives to a termination of parental rights have been considered.”
564 So.2d at 954 (emphasis added).
Thus, while A.R.E. cites “dependency” as the first prong of the Beasley test, Ex parte Beasley states that “grounds for the termination” is the first prong.[4] “Dependency” and “grounds for termination” are two different things. A “dependent child” is defined in § 12-15-1(10), Ala.Code 1975. If a child is found to be “dependent,” § 12-15-71, Ala.Code 1975, provides for six possible dispositions, only one of which is “termination” — and that only in “appropriate cases.” See generally D.M.P., 871 So.2d at 81 (plurality opinion) (discussing, among other things, “appropriate cases” for termination). Ex parte Beasley provides that an “appropriate case” for termination is one in which the trial court finds, first, that there are “grounds for the termination” and, second, that, having considered the viable alternatives, termination is in the best interests of the child. Ex parte Beasley, 564 So.2d at 954-55. See D.M.P., 871 So.2d at 81 (plurality opinion).
II.
Having said the foregoing, there certainly appears to be substantial evidence in the present case to support the conclusion that the first prong of Ex parte Beasley— “grounds for the termination” — existed. Given the particular record before us and the judgment of the trial court, however, I question whether the trial court examined or “considered” whether some arrangement, perhaps involving the maternal grandparents or the maternal aunt and uncle, other than termination, would better serve the interests and welfare of the children. It may be that no such better arrangement exists; however, I would remand this cause to the trial court for such a determination consistent with the plurality opinion in D.M.P.
CRAWLEY, J., concurs.

. "The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that this primary parental right of custody is in the best interest and welfare of the child as a matter of law.” Ex parte Mathews, 428 So.2d 58, 59 (Ala. 1983). "The law devolves the custody of infant children upon their parents, not so much upon the ground of natural right in the latter, as because the interests of the children, and the good of the public, will, as a general rule, be thereby promoted. It is a fair presumption, that so long as children are under the control of their parents, they will be treated with affection, and their education and morals will be duly cared for.” Striplin v. Ware, 36 Ala. 87, 89 (1860) (quoted with approval in Ex parte D.J., 645 So.2d 303, 305 (Ala.1994)).

. By statute, our Legislature has recognized that the “unfitness” to parent a particular child may arise from a parent’s voluntary relinquishment or abandonment of that child. See § 26-18-7(a)(l), Ala.Code 1975.

. In Ex pane Beasley, our Supreme Court did state, however, that if a nonparent, including the State, is the petitioner, then such a petitioner must meet the further threshold proof of dependency. 564 So.2d at 954.