I concur in the result reached in the main opinion. I write separately because I cannot agree with all of the legal analysis contained in that opinion.
The main opinion states that § 26-18-7, Ala. Code 1975, "sets forth the statutory authority for the termination of parental rights," 881 So.2d at 1052, and quotes A.R.E. v. E.S.W.,702 So.2d 138 (Ala.Civ.App. 1997), for the proposition that "`"[t]he trial court is given the authority to terminate parental rights if it finds from *Page 1057 
clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for their children. § 26-18-7, Ala. Code 1975,"'" 881 So.2d at 1053 (quotingA.R.E. at 138, quoting in turn M.H.S. v. State Dep't of HumanRes., 636 So.2d 419, 421 (Ala.Civ.App. 1994)). While it cannot be denied that § 26-18-7 does state that a trial court "may terminate the parental rights of the parents" if the standard set forth in the statute is met, our Supreme Court, in Ex parteBeasley, 564 So.2d 950 (Ala. 1990), made it clear that there is more to the analysis than that. 564 So.2d at 954-55 (articulating a two-pronged test requiring a determination of whether there exist "grounds for the termination" of parental rights and a consideration of viable alternatives to determine what disposition is in the best interest of the child). See D.M.P. v.State Dep't of Human Res., 871 So.2d 77 (Ala.Civ.App. 2003) (plurality opinion with two judges concurring and three judges concurring in the result).
I explain the foregoing concerns in more detail in my dissent to this court's opinion in B.J.C. v. D.E., 874 So.2d 1109, 1118
(Ala.Civ.App. 2003) (Murdock, J., dissenting). Among other things, I also state in my dissent in B.J.C. my concern with the manner in which this court in A.R.E. summarized the two-pronged test to be applied in termination-of-parental-rights cases articulated in Ex parte Beasley:
"In Ex parte Beasley, our Supreme Court stated:
 "`The two-prong test that a court must apply in a parental rights termination case brought by a custodial parent consists of the following: First, the court must find that there are grounds for the termination of parental rights, including, but not limited to, those specifically set forth in § 26-18-7. Second, after the court has found that there exist grounds to order the termination of parental rights, the court must inquire as to whether all viable alternatives to a termination of parental rights have been considered. . . .
 "`Once the court has complied with this two-prong test — that is, once it has determined that the petitioner has met the statutory burden of proof and that, having considered and rejected other alternatives, a termination of parental rights is in the best interest of the child — it can order the termination of parental rights.]'
"564 So.2d at 954 (emphasis added).
 "Thus, while A.R.E. cites `dependency' as the first prong of the Beasley test, Ex parte Beasley
states that `grounds for the termination' is the first prong. `Dependency' and `grounds for termination' are two different things.[5] A "dependent child" is defined in § 12-15-1(10), Ala. Code 1975. If a child is found to be `dependent,' § 12-15-71, Ala. Code 1975, provides for six possible dispositions, only one of which is `termination' — and that only in `appropriate cases.' See generally D.M.P., 871 So.2d 81 (plurality opinion) (discussing, among other things, `appropriate cases' for termination). Ex parte Beasley provides that an `appropriate case' for termination is one in which the trial court finds, first, that there are `grounds for the termination' and, second, that, having considered the viable alternatives, termination is in the *Page 1058 
best interests of the child. Ex parte Beasley, 564 So.2d at 954-55. See D.M.P., 871 So.2d 81 (plurality opinion)."
874 So.2d at 1120 (Murdock, J., dissenting) (footnote omitted).
In light of the foregoing, I concur only in the result reached by the main opinion.
CRAWLEY, J., concurs.
[5] In Ex parte Beasley, our Supreme Court did explain, however, that if a non-parent, including the State, is the petitioner, then such a petitioner must meet the further threshold proof of dependency. 564 So.2d at 954. Of course, asEx parte Beasley recognized, in many cases a showing that the first prong of the Beasley test ("grounds for the termination") has been satisfied will also demonstrate dependency. Id.